RECEIVED

SEP 10 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ALICIA ARTIS, | Civil Action No. 13-633 (FLW) |
|---|---|
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ARBORS CARE CENTER, INC., et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders and to prosecute her case. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On February 1, 2013, filed a Complaint alleging race and national origin discrimination on behalf of Defendant, her former employer. [Docket Entry No. 1]. Plaintiff alleged that Defendant created a hostile work environment as well as false pretexts for her termination. *Id.* Discovery proceeded, albeit slowly, between April and October, 2013. On October 28, 2013, Plaintiff's attorney filed a motion to withdraw as counsel. [Docket Entry No. 13]. In support, counsel stated that Plaintiff engaged in a pattern of delay tactics, including cancelling meeting at the last moment and not signing documents required to litigate the case. *Id.* He believed that Plaintiff's husband was causing the delays. Counsel stated that communications had completely broken down by the time he filed the motion. *Id.*

In a November 26, 2013 Letter Order, this Court granted counsel's request and gave Plaintiff approximately one month to retain new counsel or else be deemed *pro se*. [Docket Entry No. 14]. The Court held a status conference on the record on February 24, 2014, at which point

1

Plaintiff was afforded until March 26, 2014 to retain counsel. [Docket Entries Nos. 18 & 19]. On March 27, 2014, Plaintiff was deemed *pro se* and a discovery schedule was entered. [Docket Entry No. 20]. Over the next two and a half months, Defendants wrote to the Court explaining that Plaintiff was not complying with discovery obligations. In a June 18, 2014 letter, Defendants claimed that Plaintiff was again cancelling scheduled dates for her deposition and that Plaintiff's husband advised that the deposition would not occur until a new attorney was retained. [Exhibit "A"]. As a result, an Order to Show Cause ("OTSC") hearing was scheduled for and held on July 29, 2014. [Docket Entry No. 27; Exhibit "B"]. Plaintiff neither submitted a position paper nor appeared at the hearing.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Id.*

No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure

41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court has considered the *Poulis* factors in determining that It would recommend that this matter be dismissed with prejudice. Dismissal with prejudice was also requested by Defendants for the reasons stated on the record during the OTSC hearing. [Exhibit "B"].

1. **Plaintiff's Personal Responsibility:** Plaintiff's conduct alone appears to be responsible.

2. **Prejudice to Defendant:** Plaintiff's refusal to advance her case along with her failure to comply with the Court's Orders has caused manifest injustice to Defendants. Plaintiff's repeated evasion of depositions and Court orders has left Defendants unable to defend this case. Plaintiff's actions, or, more appropriately, lack thereof, support dismissal of this matter. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiff has a history of dilatoriness. Plaintiff failed to timely respond to Defendant's discovery requests. Even when afforded more time to do so, Plaintiff did not respond. Further, Plaintiff failed to timely submit the position paper required by the OTSC entered in this matter – in fact, no position statement was ever submitted – and Plaintiff failed to appear at the OTSC hearing. Plaintiff's inaction in this regard supports the dismissal of his claims with prejudice.

4. **Willfulness or Bad Faith:** The Court cannot definitively say that Plaintiff proceeded in bad faith. The Court does, however, find that Plaintiff's conduct has been willful. As Defendants state in their June 18, 2014 letter, Plaintiff repeatedly scheduled and later cancelled deposition dates.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. Despite being given additional time to comply with discovery obligations, Plaintiff failed to do so. In addition, Plaintiff failed to respond in any way to the OTSC, even though the order specified that the Court might recommend dismissal if she did not appear in person. On these facts, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings and Plaintiff's failure to provide any discovery, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, she has failed to take any steps towards advancing same to trial. Plaintiff repeatedly cancelled her deposition. Plaintiff failed to comply with this Court's Orders, including the OTSC, which required submission of a position paper and an in person appearance. Plaintiff's actions in this regard demonstrate a pattern of non-compliance with her obligations under the Federal Rules of Civil Procedure and an utter failure to prosecute this matter which he initiated against Defendant. As a result and for the reasons stated on the record, this Court respectfully recommends that this matter be dismissed with prejudice.

## Conclusion

Thus, the Court having considered this matter pursuant to FED.R.CIV.P. 78 and having given consideration to the *Poulis* factors;

4

IT IS on this 10th day of September, 2014,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court activate this Report and Recommendation so as to indicate that it requires further action by the District Court; and it is further

ORDERED that the Clerk of the Court mail a copy of this Report and Recommendation to Plaintiff.

Parties are advised that pursuant to FED.R.CIV.P. 72(b)(2), they may file an objection to the disposition recommended herein within 14 days of being served with a copy of this Report and Recommendation.

                                                                             s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-0834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard J. Cino - Managing Shareholder

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

JAMES M. McDONNELL
EMAIL: mcdonnej@jacksonlewis.com
DIRECT DIAL: 973.451.6351

June 18, 2014

**VIA ELECTRONIC MAIL**
Hon. Tonianne J. Bongiovanni, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Bldg. &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

       Re:  Alicia Artis v. Arbors Care Center, Inc., *et al.*
          Civil Action No.: 3:13cv0633 (FLW-TJB)
          **Fact Discovery End Date: July 31, 2014**

Dear Judge Bongiovanni:

  We represent Defendants in the above action and write to request the dismissal of Plaintiff's complaint for failure to engage in discovery as per Your Honor's Orders and the Federal Rules of Civil Procedure. On February 1, 2013, Plaintiff filed an eleven (11) count complaint against Defendants asserting a variety of claims related to her employment and separation. Sixteen months later, Defendants still have been unable to take Plaintiff's deposition or obtain complete paper discovery and dismissal is, therefore, warranted pursuant to Fed. R. Civ. P. 37.

**BACKGROUND**

  As Your Honor is aware, Plaintiff's prior counsel withdrew from this matter in the midst of disputes over Plaintiff's failure to provide responsive discovery. On November 26, 2013, the Court granted counsel's motion to withdraw as counsel and provided Plaintiff until December 30, 2013 to retain counsel or she would be deemed *pro se*. See DN-14. On January 14, 2014, Your Honor entered an Order which deemed Plaintiff *pro se* and set a scheduling conference for February 14, 2014.[1] *See* DN-15. During the February 24, 2014 status conference, Plaintiff requested additional time to retain counsel and Your Honor provided Plaintiff until March 26, 2014 to retain counsel. *See* DN-18. On March 27, 2014, the Court entered another Letter Order extending fact-discovery to July 31, 2014 to permit the parties time to complete outstanding paper discovery and depositions, none of which had even commenced by this point in time. *See* DN-20.

---

[1] The conference was later rescheduled for February 24, 2014.



Hon. Tonianne J. Bongiovanni, U.S.M.J.
*Artis v. Arbors Care Ctr., Inc.*
Civil Action No.: 3:13cv00633
June 18, 2014
Page 2

**DEPOSITIONS**

On May 12, 2014, Defendants noticed Plaintiff's deposition for June 10, 2014 at 10:00am. *See* Exhibit A, May 12, 2014 Correspondence and Deposition Notice. On May 21, 2014, Defendants confirmed Plaintiff's attendance at this deposition via telephone and a correspondence. *See* Exhibit B, May 21, 2014 Correspondence. On June 2, 2014, Defendants reported to Your Honor that Plaintiff confirmed her deposition on that date. *See* DN-25.

Thereafter, Plaintiff's husband contacted defense counsel and advised that: (1) Plaintiff had retained counsel; and (2) the deposition had to be adjourned because he intended to drive Plaintiff to the deposition. Defendants confirmed Plaintiff's adjournment of this deposition in a June 9, 2014 correspondence and—after consulting with Plaintiff's husband on availability—rescheduled the deposition for June 18, 2014. *See* Exhibit C, June 9, 2014 Correspondence and Deposition Notice.

On June 17, 2014, I personally conferred with Plaintiff via telephone and confirmed her attendance at the June 18, 2014 deposition. Approximately two (2) hours after this telephone conversation, I received a follow up telephone call from Plaintiff who stated that she would not appear for deposition on June 18 and would not appear for deposition until she retained an attorney. I explained the Court already provided her an ample amount of time to retain an attorney and that Defendants intended to proceed. Nevertheless, Plaintiff stated she would not appear for the deposition. I verbally advised Plaintiff that we would bring this to the Court's attention and request dismissal.

\* \* \* \* \*

Plaintiff has repeatedly failed to comply with Your Honor's Orders to complete discovery by specific dates, refused to appear for properly noticed depositions, and has completely ignored discovery rules and procedures. Accordingly, Defendants respectfully request the Court enter an Order dismissing Plaintiff's complaint for failure to engage in discovery pursuant to Fed. R. Civ. P. 37. The above demonstrates Defendants' patience and good-faith efforts to obtain compliance without Court intervention but Plaintiff's refusal to appear for deposition warrants dismissal.

Respectfully submitted,

JACKSON LEWIS P.C.

James M. McDonnell

Encl.
cc: Alicia Artis (via certified mail; w/encl.)

# EXHIBIT B

```
 1                UNITED DISTRICT BANKRUPTCY COURT
                       DISTRICT OF NEW JERSEY
 2                         TRENTON DIVISION

 3
     ALICIA ARTIS,                  : Case No. 3:13-cv-00633-FLW-TJB
 4                                  :
              Plaintiff,            :
 5                                  :
     versus                         :
 6                                  :
     ARBORS CARE CENTER, INC.,      : Courtroom 6E
 7   EDELE HOVNANIAN, Individually  : Clarkson S. Fisher Building
     and in her official capacity,  : & U.S. Courthouse
 8   DON SANFORD, Individually and  : 402 East State Street
     in his official capacity,      : Trenton, New Jersey 08608
 9   JOHN AMORY, Individually and   :
     in his official capacity,      :
10                                  :
              Defendants.           : July 29, 2014
11                                  : 12:14 p.m.

12        TRANSCRIPT OF HEARING RE: (#26) ORDER TO SHOW
          CAUSE WHY SANCTIONS, INCLUDING DISMISSAL OF THIS
13                 MATTER, SHOULD NOT BE IMPOSED
            BEFORE HONORABLE TONIANNE J. BONGIOVANNI
14               UNITED STATES MAGISTRATE JUDGE

15   APPEARANCES:

16   For the Defendants:     Jackson Lewis, P.C.
                             220 Headquarters Plaza
17                           East Tower, 7th Floor
                             Morristown, New Jersey 07960
18
     ESR/Courtroom Deputy:   Mark Morelli
19
     Transcription Service:  Transcrpits Plus, Inc.
20                           435 Riverview Circle
                             New Hope, Pennsylvania 18938
21                           Telephone:  215-862-1115
                             Facsimile:  215-862-6639
22                           E-mail: CourtTranscripts@aol.com

23
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING. TRANSCRIPT
24                 PRODUCED BY TRANSCRIPTION SERVICE.

25
```

```
 1              THE COURT:  We're here in the matter of Alicia
 2   Artis, A-R-T-I-S, 13-633.  And obviously to us, Mr. McDonnell,
 3   Ms. Artis is not here -- McDowell (sic), I'm sorry.  You're
 4   representing the defendants.
 5              MR. McDONNELL:  Yes, Your Honor.
 6              THE COURT:  Okay.  You can be seated.
 7              I appreciate your very comprehensive letter of June
 8   18th, and all of your efforts in this matter.  Essentially you
 9   outline very succinctly the history of this case whereby Ms.
10   Artis had counsel, I had granted her request -- I'm sorry --
11   counsel's request to withdraw as her attorney.  And that
12   happened in January where essentially I deemed her to be pro
13   se.
14              And then since then, we have been chasing Ms. Artis
15   in order to have her comply with discovery; given her a number
16   of extensions to get an attorney.  What I think is most
17   important from your perspective is all of the efforts that you
18   have made, specifically as you've outlined on May 12th:
19              You noticed her deposition for June 10th;
20              You also confirmed on May 21st that she would be
21   attending the deposition;
22              You talked to her by telephone and by correspondence
23   on May 21st;
24              And then on June 2nd, you let me know that her
25   deposition was confirmed, and then it doesn't happen, right?
```

```
 1   That you're contacted by her husband, and he advises that the
 2   plaintiff has retained counsel, and that he wanted the
 3   deposition adjourned because he attended to drive her to the
 4   deposition;
 5           And you confirmed with plaintiff that her deposition
 6   was being adjourned, you sent a letter to her on June 9th. And
 7   that you rescheduled it for June 18th. And then we have more
 8   of the same;
 9           On June 17th, you talked to plaintiff by the
10   telephone, confirmed her attendance at the June 18th
11   deposition. And then two hours after your conversation on
12   June 17th, you received a phone call from plaintiff in which
13   she stated that she wouldn't appear on June 18th, and would not
14   appear for her deposition until she retained an attorney.
15           So based on that, I issued an order to show cause
16   why this matter shouldn't be dismissed based on plaintiff's
17   failure to comply with discovery, as well as my court orders.
18   And that went on the docket on June 19th; I set the hearing
19   for today. And I had also required that no later than July
20   21st, that plaintiff was to submit a letter explaining why she
21   hasn't complied with discovery and why this matter shouldn't
22   be dismissed.
23           I also noted in the order that her failure to retain
24   counsel wasn't going to be considered an adequate
25   justification given that she's been aware since at least
```

1  October of 2013 of her attorney's request to be relieved, and
2  has been granted ample time to retain new counsel.
3     I'd also like to note for the record that we haven't
4  received any indication from anyone indicating that they've
5  been consulted in this matter, that they have expressed that
6  plaintiff has approached them and inquiring as to whether or
7  not they could come in at this late date. Sometimes we get
8  attorneys making inquiries just to make sure that if they
9  enter the case that they'll be given ample opportunity to work
10 up the cases as they deem appropriate, and we have not heard a
11 thing.
12    I'll also note that we've been on the record a few
13 times with Ms. Artis. More specifically, February 24th of this
14 year, we went on the record. I went through her obligations
15 as a pro se, and all aspects of that, including providing her
16 with a packet of information as to how she could prosecute the
17 case herself. But I also gave her an additional 30 days at
18 that time to retain an attorney. And obviously that didn't
19 happen.
20    We then entered a revised schedule extending the
21 deadlines because we had lost so much time in this process.
22 And then on April 15th, I went on the record again to address
23 authorizations for release of information, including her
24 unemployment collection, et cetera. And I did an order
25 requiring specifically what she was supposed to do in terms of

```
 1   completing those releases.  I gather you received none of
 2   that.
 3            MR. McDONNELL:  Your Honor, some of it we've
 4   received.
 5            THE COURT:  Okay.
 6            MR. McDONNELL:  I was -- if you'll recall correctly,
 7   we were agreeing to proceed with the deposition to see what we
 8   would need, and maybe not need to --
 9            THE COURT:  Right.
10            MR. McDONNELL:  -- make it easier.  I don't recall
11   off the top of my head, but my recollection is she provided
12   some, but not all, of the --
13            THE COURT:  Authorizations.
14            MR. McDONNELL:  -- authorizations.
15            THE COURT:  Okay.  And -- yes, that's exactly what
16   my notes indicate:  That you were getting -- in the process of
17   getting some information from her.  I wanted you to proceed
18   with her deposition because we were just going round and
19   round.
20            All right.  So essentially, and in a nutshell, I
21   think we have given Ms. Artis ample opportunity to, not only
22   retain counsel, but to proceed with prosecuting her case.  I
23   will be so bold as to say I think we've indicated that we're,
24   for lack of a better description, user friendly.  That she
25   would be able to navigate the system with our assistance.
```

1  We've provided her with the resources that are available,
2  specifically for pro se individuals. We set up calls so that
3  we could address any issues that she has. And essentially to
4  help her understand that you weren't acting in a nefarious
5  way, or asking her to produce information to which you weren't
6  entitled, or looking to "catch" her in any way. I don't know
7  what else we can do.
8      So I'm going to issue a report and recommendation to
9  Judge Wolfson that this matter be dismissed. And if we hear
10 from Ms. Artis, we certainly can deal with it then. But at
11 this point, I would view her litigation as closed, at least
12 until Judge Wolfson has the opportunity to rule upon my
13 recommendation.
14     And as you know, we'll send out the order to Ms.
15 Artis. And if she says something in response, then we'll deal
16 with it if she files her objection with Judge Wolfson.
17     Did I miss anything that you'd like to outline? And
18 before I hear from you on anything further, it was my
19 intention -- because you did such a wonderful job --
20 essentially just to attach the June 18th letter to my order
21 which outlines, again, very succinctly what has -- how this
22 has progressed and what efforts you've taken, if that's all
23 right.
24     MR. McDONNELL: There's not much else to add, Your
25 Honor.

| | |
|---|---|
| 1 | THE COURT: Okay. |
| 2 | MR. McDONNELL: Is the -- I'm assuming the report |
| 3 | and recommendation is going to be with prejudice, the |
| 4 | dismissal? |
| 5 | THE COURT: Yes. |
| 6 | MR. McDONNELL: Okay. |
| 7 | THE COURT: Yes, I will ask that it be entered with |
| 8 | prejudice, and we'll leave that to Judge Wolfson, as well. |
| 9 | MR. McDONNELL: Thank you, Your Honor. |
| 10 | THE COURT: Thanks so much for coming in. I'm sorry |
| 11 | that you had to jump through hoops, but I appreciate your |
| 12 | efforts and your professionalism. You've been wonderful, Mr. |
| 13 | McDonnell. |
| 14 | MR. McDONNELL: Thank you very much, Your Honor. |
| 15 | THE COURT: Thanks. |
| 16 | (Whereupon, at 12:23 p.m., the hearing was adjourned.) |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

| | |
|---|---|
| 1 | |
| 2 | **CERTIFICATE OF TRANSCRIBER** |
| 3 | |
| 4 | I, KAREN HARTMANN, a certified Electronic Court |
| 5 | Transcriber, certify that the foregoing is a correct |
| 6 | transcript from the electronic sound recording of the |
| 7 | proceedings in the above-entitled matter. |
| 8 | |
| 9 | *Karen Hartmann* |
| 10 | |
| 11 | Karen Hartmann, AAERT CET**D0475   Date:  August 18, 2014 |
| 12 | Transcripts Plus, Inc. |